GEORGE CONSTANTINE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Constantine v. Commissioner
Docket No. 13105-79.
United States Tax Court
T.C. Memo 1981-727; 1981 Tax Ct. Memo LEXIS 22; 43 T.C.M. (CCH) 158; T.C.M. (RIA) 81727; December 23, 1981. George Constantine, pro se. Evelyn E. Small, for the respondent. TIETJENS
MEMORANDUM OPINION TIETJENS, Judge: Respondent determined deficiencies in petitioner's Federal income tax for 1974 and 1975 in the respective amounts of $ 3,025 and $ 1,263.76. The sole issue for decision is *23 whether petitioner is entitled to exclude from gross income the payments he received in 1974 and 1975 as pension payments from the Bank of Greece Employee Pension Fund. This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and attached exhibits are incorporated herein by reference. At the time of filing his petition, petitioner resided in Athens, Greece. Petitioner timely filed joint Federal income tax returns for 1974 and 1975 with the Philadelphia Service Center. Since April, 1959, petitioner has been a United States citizen. He is also a citizen of Greece and, since May 1959, a resident of Greece. Until his retirement on December 31, 1959, petitioner was employed by the Bank of Greece (Bank). Petitioner received pension payments attributable to services rendered by him as an employee of the Bank in the amounts of Drs. 210,060 in 1974 and Drs. 264,720 in 1975. [1]
Petitioner excluded these amounts, translated into dollars, from his 1974 and 1975 returns as exemptions of income earned abroad. Although *24 petitioner did not submit a brief, he argued in his petition herein that these amounts should be excludable from his gross income in 1974 and 1975 because (1) Rev. Rul. 60-75, 1960-1 C.B. 281 and Stanford v. Commissioner, 297 F.2d 298 (9th Cir. 1961), affg. 34 T.C. 1150 (1960) are inapplicable to him since he received his pension outside the United States as a foreign resident; (2) Section XI, Part I, of the 1950 tax treaty between the United States and Greece prevents taxation of these amounts; (3) the pensions were received in local currency and, under the Greek Penal Code, may not be converted into U.S. currency; and (4) his entire pension is a return of capital and does not include any interest payments. Respondent, but contract, contends that petitioner has failed to establish his entitlement to an exclusion for these amounts. He asserts that section 911(c)(5)(a) [2] prohibits the exclusion of pensions, that the authorities upon which petitioner relies are inapplicable to petitioner, and that petitioner has provided no evidence to prove that any part of the pension payments is a return of capital. *25 We agree with the respondent. Section 911(a)(1) allows a U.S. citizen who is a bone fide resident of a Foreign country for an uninterrupted period which includes an entire taxable year to exclude from his gross income amounts received from foreign sources (except amounts paid by the U.S. or an agency thereof) which constitute earned income attributable to services performed during that period. Section 911(c)(5) provides that no amount received as a pension or annuity may be excluded under section 911(a). Accordingly, these amounts which petitioner received in 1974 and 1975 as pensions are not excludable under section 911. Petitioner attempts to distinguish himself, on the basis of his foreign residence, from the taxpayer in Rev. Rul. 60-75, 1960-1 C.B. 281, which states that income accrued by reason of employment prior to a taxpayer receiving U.S. citizenship and paid in a lump sum after he has become a U.S. citizen and resident is not excludable under section 911. On the same basis, petitioner tries to distinguish himself from the taxpayer in Stanford v. Commissioner, supra, wherein similar pensions were not excludable under section 911 *26 where the taxpayer had become a U.S. citizen and resident. Section 911(c)(5), however, was added by section 11(a) of the Revenue Act of 1962, Pub. L. 87-834, 76 Stat. 1004, [3] and was therefore, not in effect for either the year of the revenue ruling or the Stanford case. Moreover, we do not find that a foreign residency would be a significant distinction in any event. As a citizen, regardless of residency, an individual is subject to the taxing power of the United States (See Cook v. Tait, 265 U.S. 47 (1924); Stanford v. Commissioner, supra at 308-309) and must, therefore, prove that there is an applicable statute exempting his income from taxation in order to be able to exclude the same. Under Article XI of *27 the United StatesGreece Income Tax Treaty, Feb. 20, 1950, 5 U.S.T. (part 1) 47, T.I.A.S. 2902, [4] pensions paid by Greece or its subdivisions to an individual for services rendered to Greece or its subdivisions are exempt from U.S. taxation. Although he has cited no authority for his position, petitioner contends, in his petition, that the Bank is a subsidiary of the Greek government and, therefore, that his pension from the Bank is exempt under our income tax treaty with Greece. *28 We find that the Bank is a private legal entity and is not a subsidiary of the Greek government. See Decision No. 1058/1954, (E.E.N. 21), p. 1185 (Supreme Administrative Court); Decision No. 2308/1952, Themis (64), p. 134 (Supreme Administrative Court). Petitioner's argument that his pension was received in Drachmae, local currency, whose conversion to U.S. currency is prohibited by the Greek Penal Code, [5] does not prevent its taxation in the United States. Where amounts received in "blocked currency" are freely expendable within the foreign country or where the taxpayer received an economic benefit from them, these amounts are income taxable by the United States. See Cooper v. Commissioner, 15 T.C. 757 (1950); Marty v. Commissioner, T.C. Memo. 1972-11; cf. International Mortgage and Investment Corporation v. Commissioner, 3 B.T.A. 187 (1937). Because petitioner has not shown that he was not able to use the amounts he received herein for his personal enjoyment, petitioner must include these amounts as income. *29 Finally, petitioner maintains that, under section 72, he may exclude all of his income as a return of capital. However, he has presented no evidence to substantiate this contention and is, therefore, taxable on the entire amounts he received. Decision will be entered for the respondent. Footnotes
1. In terms of U.S. Dollars, these amounts are equal to $ 7,002 and $ 8,824, respectively.↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, unless otherwise stated.↩
3. This amendment is effective for taxable years ending after September 4, 1962, but only with respect to amounts received after March 12, 1962, attributable to services performed after December 31, 1962, or amounts received after December 31, 1962 attributable to services performed on or before December 31, 1962, unless on March 12, 1962 there existed a right (whether forfeitable or nonforfeitable) to receive such amounts.↩
4. Article XI of the United StatesGreece Income Tax Treaty provides, in part, as follows: (1) Wages, salaries and similar compensation and pensions paid by one of the Contracting States or the subdivisions thereof to an individual for services rendered to such State or subdivision shall be exempt from taxation by the other Contracting State. (2) Private pensions and life annuities derived from within one of the Contracting States by an individual who is a resident of the other Contracting State shall be exempt from taxation by the former Contracting State. Article XIV of the treaty provides, in part, as follows: (1) Notwithstanding any provision of the present Convention each of the Contracting States, in determining the taxes, including all surtaxes and complimentary taxes, of its citizens, subjects, residents or corporations, may include in the basis upon which such taxes are imposed all items of income taxable under its revenue laws as though this Convention had not come into effect.↩
5. The purchase of foreign exchange and bank notes in Greece is governed by Law 5422 of April 1932, as amended, and the Greek Penal Code. The Bank of Greece and such other banks as may be designated by a decision of the Foreign Minister upon the proposal of the Bank of Greece conduct the sale of foreign exchange and foreign bank notes. Transactions in foreign money are permitted only when they meet one of the following needs: (1) The needs of the State and State agencies and enterprises; (2) the real and proven needs of the import trade if import is allowed under existing provisions; (3) the reasonable needs of those who reside abroad or go abroad; (4) to pay proven debts abroad in foreign exchange, provided that they stem from commercial transactions and were agreed upon after this law went into effect; (5) to satisfy proven needs of a bond loan in foreign exchange payable abroad; or (6) to satisfy any other real need that a decision of the Minister of Finance, after an opinion by the Bank of Greece, would define.↩